IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MALISSA MILLER,

    Plaintiff,

v.                                                 Civil Action No. 5:07CV131
                                                                      (STAMP)
MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF
AND GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANT**

I.   Procedural History

    The plaintiff, Malissa Miller, filed an application on August 5, 2004, for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. In the application, the plaintiff alleged disability since June 2, 2003, due to a work-related back injury, depression, and memory problems. The plaintiff's application was denied at the initial and reconsideration levels. The plaintiff requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On June 13, 2007, the ALJ issued a decision finding that the plaintiff was not under a disability as defined by the Social Security Act. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision the final decision of the

Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3) seeking judicial review of the adverse decision.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff and the defendant filed cross-motions for summary judgment. Magistrate Judge Seibert considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation.

In his report, the magistrate judge found that the Commissioner's decision to deny the plaintiff's application for benefits was proper because (1) substantial evidence supports the ALJ's finding that the plaintiff's affective disorder did not meet or equal Listing 12.04, and the ALJ correctly applied the law in his consideration of the medical opinions of Dr. Michael Malayil, the plaintiff's treating physician; Ms. Amy Ralston, the plaintiff's treating therapist, and Dr. a state-agency expert; and (2) substantial evidence supports the ALJ's conclusion that the plaintiff's back impairment did not met or equal Listing 1.04, and the ALJ correctly applied the law in his treatment of the plaintiff's need to use a cane and of the report by the plaintiff's chiropractor. Accordingly, the magistrate judge recommended that

2

the defendant's motion for summary judgement be granted and that the plaintiff's motion for summary judgment be denied.

In his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. No objections were filed. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety, that the defendant's motion for summary judgment should be granted, and that the plaintiff's motion for summary judgment should be denied.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this case, the findings of the magistrate judge will be reviewed for clear error.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

3

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986).

### III. <u>Discussion</u>

This Court believes that a reiteration of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in Section II of Magistrate Judge Seibert's report and recommendation.

A. <u>Background</u>

To make a disability determination, an ALJ must undertake a five-step sequential analysis, which is set forth at 20 C.F.R. §§ 404.1520, 416.920. An ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an

4

impairment that meets or equals the requirements of a listed impairment; (4) can perform her past work; and, if she cannot perform her past work, (5) can perform other work in the national economy. An ALJ's findings must be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). It is the duty of the ALJ, not of the courts, to make findings of fact and to resolve conflicts in the evidence. The Court's scope of review is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied, not to substitute the Court's judgment for that of the Secretary. Hays, 907 F.2d at 1456.

B. Whether the Administrative Law Judge Erred in Determining the Plaintiff's Depression Did Not Meet or Equal Listing 12.04

In her motion for summary judgment, the plaintiff argues that the ALJ erred at step three of the sequential analysis in

determining that the plaintiff's depression did not meet or equal Listing 12.04 by failing to give proper consideration to the opinions of the plaintiff's treating physician, Dr. Michael Malayil; the plaintiff's treating chiropractor, Mr. Michael MacPherson; the plaintiff's treating therapist, Ms. Amy Ralston; and a state-agency expert, Dr. Anthony Golas, Ph.D. Magistrate Seibert found, however, that substantial evidence supports the ALJ's determination that the plaintiff's depression does not meet or equal Listing 12.04 and that the ALJ accorded proper weight to the medical opinions of Dr. Malayil, Mr. MacPherson, Ms. Ralston, and Dr. Golas. These findings are not clearly erroneous.

The opinion of a treating physician is entitled to controlling weight when, among other things, the treating source's medical opinion is well-supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the claimant's case record. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion should be accorded significantly less weight if it is not supported by clinical evidence or if it is found to be inconsistent with other substantial evidence. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

In this case, the ALJ's decision to accord less weight to the opinions of Dr. Malayil is supported by substantial evidence in the record of the plaintiff's retained cognitive functioning (R. 179, 183, 200, 204-206, 229, 259, 313); retained social and personal

6

functioning (R. 207, 230); and lifestyle (R. 87-90, 105-106, 207). This evidence is inconsistent with Dr. Malayil's opinions. Accordingly, the ALJ was entitled to give Dr. Malayil's opinions less weight.

Further, the ALJ's finding that Mr. MacPherson's opinion about the plaintiff's depression should be discredited is supported by applicable law. Mr. MacPherson, as a chiropractor, is an "other source" entitled to less weight under 20 C.F.R. § 404.1513 because he is not a specialist in mental health disorders. Therefore, the ALJ properly discounted Mr. MacPherson's opinions concerning the plaintiff's affective disorder.

Similarly, the ALJ's decision to discredit Ms. Ralston's March 2007 opinion involved a correct application of law and is supported by substantial evidence. Specifically, neither medical evidence (see R. 178, 183, 200, 209, 215, 229, 313, 323) nor evidence in the record of the plaintiff's lifestyle, including the plaintiff's ability to watch television, prepare small meals, shop, do puzzles, talk on the telephone, attend church, visit with family, and eat out (see R. 89-90, 105-06, 183, 207, 366), supports the degree of mental limitation reported by Ms. Ralston.

Finally, the ALJ's decision to reject Dr. Golas's opinion that the plaintiff's concentration and recent memory were markedly deficient is supported by substantial evidence. Sufficient evidence exists in the record to support the ALJ's conclusion that

7

Dr. Golas's findings were inconsistent with the reports in the record documenting the plaintiff's possible malingering or exaggeration of symptoms. The ALJ accorded proper weight to the opinions discussed above and concluded that the weight of the evidence tended against a finding that the plaintiff's depression qualifies as a disability under Listing 12.04. This Court may not re-weigh the evidence or substitute its judgment. See Craig, 76 F.3d at 589.

Accordingly, the magistrate judge committed no clear error in finding that substantial evidence and properly applied law supports the ALJ's determination that the plaintiff's depression did not meet the requirements of Listing 12.04.

C. <u>Whether the Administrative Law Judge Erred in Determining the Plaintiff's Spine Injury Does Not Meet or Equal Listing 1.04</u>

The plaintiff contends that the ALJ erred at step three of the sequential analysis in determining that the plaintiff's spine impairment does not meet of equal Listing 1.04 by ignoring Mr. MacPherson's opinion and by improperly disregarding the plaintiff's need for a cane. The magistrate judge, however, found that the ALJ's conclusion is supported by substantial evidence, and resulted from a proper application of law.

The magistrate judge's finding is not clearly erroneous. First, the record supplies substantial evidence which is inconsistent with Mr. MacPherson's opinion. Specifically, the

medical record indicates the absence of spinal cord or anatomical injury, normal size of thoracic and vertebral bodies, and normal tissues (R. 271-81); non-traumatic lesions (R. 271-81); no gross neural defects (R. 233); no evidence of paravertebral spasm (R. 209); and an opinion by a DDS physician that the plaintiff could occasionally lift/carry twenty pounds, frequently lift/carry ten pounds, and sit/stand/walk for six hours in an eight-hour workday (R. 247). Moreover, the record includes opinions from several medical sources questioning the plaintiff's credibility. Additionally, the plaintiff's lifestyle evidence suggests that she does not suffer from the degree of pain or limitation alleged. (R. 89-90, 105-06, 183, 207, 366). Therefore, the ALJ did not improperly discredit MacPherson's opinion.

Second, the ALJ accorded proper weight to Mr. MacPherson's March 2007 Functional Capacity Evaluation Report when determining that the plaintiff's spine impairment does not meet or equal Listing 1.04. The ALJ reasonably concluded that as a chiropractor, Mr. MacPherson is a non-medical source under the relevant regulations and therefore lacks the qualifications to give a medical expert opinion on the plaintiff's disability. Because Mr. MacPherson's opinion was at odds with the medical opinions of "acceptable medical sources," the ALJ was permitted to give Mr. MacPherson's opinion less weight. See 20 C.F.R. § 404.1513.

9

Finally, the plaintiff's contention that the ALJ failed to consider the plaintiff's need for the use of a cane lack merits because, as the magistrate judge correctly observed, the record amply demonstrates that the ALJ was aware of the plaintiff's need for a cane. (R. 16-24.) Further, the medical record (see R. 247, 292, 323, 337) and the lifestyle evidence support the ALJ's conclusion that the plaintiff was mobile despite her use of a cane (see R. 89-90, 105-06, 183, 207, 366).

In light of the foregoing, this Court finds that substantial evidence supports the ALJ's findings and that the ALJ's determinations involved a correct application of law. Therefore, the defendant's motion for summary judgment must be granted, the plaintiff's motion for summary judgment must be denied, and the plaintiff's complaint must be dismissed with prejudice.

## IV. Conclusion

Because this Court finds that the magistrate judge's recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the defendant was properly advised by the magistrate judge that failure to timely object to

the report and recommendation in this action will result in a waiver of appellate rights. Because the defendant has failed to object, he has waived his right to seek appellate review of this matter. See <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 2, 2009

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE